UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

In re

CHARLES K. BRELAND, JR.   Case No. 09-11139-11-MAM

Debtor.

**ORDER ON REMAND FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA**

Lynne M. Murphy, Tax Division, U.S. Department of Justice, Washington, D.C., Attorney for the Internal Revenue Service
Robin B. Cheatham, New Orleans, LA, Attorney for the Debtor
Robert M. Galloway, Mobile, AL, Attorney for the Debtor

This case is before the Court pursuant to the United States District Court's Order of Remand. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, this Court finds that *In re Gurwitch*, 794 F. 2d 584 (11th Cir. 1986), does not control the outcome of this case and that the IRS may not amend its priority tax claim in the Debtor's case.

FACTS

The facts of this case are largely undisputed and detailed thoroughly in the parties' filings with this Court and this Court's prior order dated December 20, 2011. In general, these are the pertinent facts. The Debtor filed for Chapter 11 bankruptcy protection in March of 2009. The Internal Revenue Service ("IRS") filed a claim for unpaid income taxes and penalties in the Debtor's case. The claim was amended multiple times. The IRS and the Debtor negotiated and submitted a Consent Order to this Court. The Consent Order provided that

> 2. The IRS claim totals $2,020,697.01 and consists of unsecured priority tax claims totaling $671,318.55 ("IRS priority tax

1

claims"), and unsecured general claims totaling $1,349,378.46 ("IRS unsecured general claims").

3. The IRS priority tax claims of $671,318.55 shall be allowed in full and paid in accordance with the terms of §§ 2.2 and 5.2 of the Confirmed Ohana Cabo LLC's Chapter 11Plan of Reorganization As Amended ("Plan"). See Docs. 462 and 462-1.

4. The debtor shall preserve his existing objection to the IRS unsecured general claims pursuant to § 6.1 of the Plan, and said claims shall be deemed disputed within the meaning of § 3.2.2 of the Plan until resolution of such disputed claims through either settlement or adjudication to a Final Order (as defined in § 1.18 of the Plan). To the extent that such disputed claims become Allowed (as defined in § 1.4 of the Plan), payment of said Allowed claims shall be made in accordance with §§ 3.2.2 and 6.2 of the Plan.

7. The Plan shall be modified to read, as follows:

Plan Default Relating to Taxes. Upon any default under the Plan relating to the non-payment of any Administrative Expense, Priority Tax Claims or Unsecured Claim, the administrative collection powers and the rights of the United States shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of Notice of Federal Tax Lien and the powers of levy, seizure, and sale under Title 26 of the United States Code.

Notably, the Debtor retained an objection to the unsecured portion of the IRS claim. This Court approved the Consent Order on December 17, 2010. The Debtor's plan of reorganization was also confirmed on December 10, 2010 and substantially consummated on December 27, 2010. The plan incorporated 11 U.S.C. § 1141 into its terms. The Debtor paid the IRS' agreed priority tax claim in full. The Debtor also escrowed the funds necessary to satisfy the unsecured portion of the IRS claim as it remained subject to the Debtor's pending objection. Prior to the hearing on the unsecured tax claim, the IRS filed a motion for leave to amend its tax claim along with a motion to compel discovery of information necessary to support the new amendments. The IRS alleged that an amendment was necessary because the Debtor failed to report a substantial

amount of income prior to the IRS entering into the Consent Order and the confirmation of the Debtor's plan.

On, December 20, 2011, this Court held, in part, that the IRS could not amend its priority tax claim in the Debtor's bankruptcy case based on res judicata. The IRS appealed the ruling to the United States District Court for the Southern District of Alabama and, on May 14, 2012, the District Court remanded the case to this Court to address two specific issues:

I. Whether the Consent Order constitutes an adjudication of the claim of the IRS sufficient to override the *In re Gurwitch*, 794 F. 2d 584 (11th Cir. 1986), case rationale, and

II. Whether the tax debt of the debtor that the IRS asserts is owed, is a tax debt described in Section 523 of the Bankruptcy Code.

This Court instructed the parties to brief the issues and set the matter for hearing. On June 26, 2012, the Court heard oral argument and took this matter under submission.

LAW

The District Court's enumerated issues will each be addressed.

I.

In *In re Gurwitch*, 794 F.2d 584 (11th Cir. 1986), the Eleventh Circuit held that the confirmation of a Chapter 11 plan does not fix a debtor's tax liabilities such that res judicata bars the IRS' assertion of additional claims for nondischargeable taxes against the debtor. The debtor in *Gurwitch* was a primary shareholder in two recently defunct companies. In his bankruptcy filings, he acknowledged potential tax claims against those companies. The IRS filed a proof of claim in the debtor's case equal to $7,756.41. The debtor proposed a plan that allowed for payment of 100% of the IRS claim and the bankruptcy court confirmed the plan. After confirmation, but before the case was closed, the IRS began collection efforts for taxes owed by the defunct companies and attempted to collect those taxes against the debtor. The debtor

3

petitioned the bankruptcy court to stop the collection efforts arguing that res judicata barred reconsideration of the extent of his tax liability. The bankruptcy court refused to allow the new tax claims because, in its view, the debtor's tax liability had been determined at confirmation. The District Court reversed the bankruptcy court's decision explaining that the tax debt was nondishchargeable. The Eleventh Circuit affirmed the District Court stating the following:

> The Bankruptcy Code makes clear under 11 U.S.C. § 1141(d)(2) that the confirmation of a plan of reorganization does not fix tax liabilities made nondischargeable under 11 U.S.C. § 523. Moreover, the Code states that these taxes are nondischargeable "whether or not a claim for such tax was filed or allowed." Section 523(a)(1)(A).

*Id*. at 585. A footnote in the opinion acknowledges that the tax debt in question was nondishargeable. *Id*. at 585 n.3.

The *Gurwitch* decision concerned the treatment of the IRS' tax claim within the debtor's plan and whether the confirmation of that plan barred the IRS' assertion of additional nondischargeable tax claims. The case under consideration contains a relevant distinction. Here, the parties executed a Consent Order that detailed the extent of the taxes owed by the Debtor, a fact not present in *Gurwitch*. Therefore, whether *Gurwitch* dictates the result in this case depends on whether the Consent Order or the confirmed plan is controlling. If the Debtor's confirmed plan controls, *Gurwitch* applies and the IRS may amend its priority claim. If the Consent Order is controlling, *Gurwitch* does not apply and the IRS may not amend its priority claim.

Two cases cited by the Debtor support that the Consent Order controls the outcome. The United States Supreme Court in *United States v. International Building Company*, 345 U.S. 502, 505-06 (1953), held that joint stipulations filed in Tax Court by a taxpayer and the IRS were res judicata when the taxpayer later filed bankruptcy. More specifically, the Court found that the IRS was barred by res judicata from asserting tax deficiency claims in the debtor's bankruptcy

4

Case 09-11139    Doc 641    Filed 07/05/12    Entered 07/05/12 15:53:26    Desc Main
                        Document      Page 4 of 6

case for particular tax years because it had previously entered into stipulated agreements stating that the debtor owed no tax deficiencies for those years. Recently, the bankruptcy court in *In re Matunas*, 261 B.R. 129 (Bankr. D.N.J. 2001), echoed that rationale when it determined that the IRS was barred from relitigating tax claims previously resolved in a "stipulation agreement." There, the debtor and the IRS entered into the stipulation agreement determining the amount of secured, priority, and unsecured tax claims owed to the IRS. In determining that res judicata barred relitigation of the IRS claims, the court found that the stipulation agreement had the effect of a valid final judgment on the merits pursuant to 11 U.S.C. § 505(a)(1). *Id*. at 130. Moreover, the court explained that "a judgment on the merits for purposes of res judicata does not necessarily require a trial of contested facts; it may, for example, be a default judgment, a judgment on stipulation or agreement, or a summary judgment." *Id*. at 133 (citing *In re West Tex. Mktg. Corp.*, 12 F.3d 497, 501 (5th Cir. 1994)).

In this case, the Court finds that the Consent Order, and not the confirmed plan, is the controlling document as to the extent of the Debtor's tax obligation to the IRS. The Consent Order contains a clear statement of the total IRS claim amount and divides that amount into priority and general unsecured values. Its terms were negotiated by the Debtor and the IRS and approved by this Court. The Consent Order settled a confirmation dispute and the IRS had notice. Moreover, by its terms, the Consent Order appears binding and complete. No specific limitation on the Consent Order's effect is indicated in its terms. The IRS did not reserve the right to assert additional claims. Indeed, the Consent Order did not reserve any rights to the IRS, only to the Debtor. The purpose of the Consent Order is unclear if it was not meant to bind the IRS to its terms.

The IRS argues that the inclusion of 11 U.S.C. § 1141 in the confirmed plan preserves

5

from discharge any liability that would otherwise be excepted from discharge under 11 U.S.C. § 523. However, the IRS' argument presumes that the confirmed plan controls the determination of the Debtor's tax liability. Because this Court finds that it does not, and rather, that the Consent Order controls, the IRS' argument is without merit. Simply relying on 11 U.S.C. § 507, 523, and 1141(d)(2) would ignore the voluntarily entered Consent Order completely and render it meaningless. *Matunas*, 261 B.R. at 134-35.

II.

Next, the District Court asked this Court to determine whether the tax debt that the IRS asserts is owed by the Debtor is a tax debt described in 11 U.S.C. § 523. The IRS argued extensively in its brief and at oral argument that the debt in question would be excepted from discharge under § 523, pursuant to multiple nondischargeability provisions. The Debtor did not ardently dispute that the tax debts were nondischargeable. Instead, the Debtor argued that the Consent Order controllled the extent and characterization of the tax debt owed. This Court agrees with the Debtor. The dischargeability of the tax debts pursuant to § 523 would only be relevant if the confirmed plan, and not the Consent Order, operated as a determination of the debtor's tax liability. As such, the issue is not whether the tax debts are nondischargeable. The issue is whether the Consent Order's treatment, characterization, and limitation of the tax debt owed by the Debtor controls. This Court finds that it does. The IRS is bound by the terms of the Consent Order which sets out the amount and character of the tax debt at issue.

IT IS ORDERED THAT

1. The United States' requests to amend its claim and to compel discovery are DENIED.

Dated:   July 5, 2012

*(signature)*
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE