UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

In re

CHARLES K. BRELAND, JR.                                      Case No. 09-11139-11-MAM

        Debtor.

**ORDER DENYING THE UNITED STATES OF AMERICA'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

Lynne M. Murphy, U.S. Department of Justice, Tax Division, Washington, D.C., Attorney for the Internal Revenue Service
Robin B. Cheatham and Victoria W. Baudier, New Orleans, LA, Attorneys for the Debtor
Robert M. Galloway, Mobile, AL, Attorney for the Debtor

This case is before the Court pursuant to the United States of America's Motion for Partial Judgment on the Pleadings or, in the alternative, Partial Summary Judgment. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the United States' Motion is DENIED.

FACTS

The Debtor filed for Chapter 11 bankruptcy protection in March of 2009. On April 16, 2009, the Internal Revenue Service ("IRS") filed its first proof of claim in the Debtor's case for unpaid income taxes, interest, and penalties stemming from the 2004 through 2008 tax years. As is pertinent to the issue before the court, the IRS' asserted that the Debtor did not timely file tax returns for the tax years 2005 and 2006. The Debtor filed those returns in August of 2008 and the IRS assessed penalties for the late filings. The 2005 tax return that the Debtor filed in August 2008 acknowledged that he was subject to $43,965 in late filing penalties. In addition to the late filing penalties, the IRS asserted penalties for the Debtor's failure to pay certain taxes in a timely

1

fashion. The IRS sent several notices to the Debtor prior to his bankruptcy filing which demanded payment of the outstanding balances owed.

The IRS' proof of claim was amended multiple times. The original proof of claim of the IRS and each subsequent amendment included an attached sheet which detailed the unsecured priority claims and general unsecured claims sought by the government. As to its general unsecured claims, the IRS included the following statement: "Penalty to date of petition on unsecured priority claims (including interest thereon)." In every amendment, that statement was followed by a dollar figure.

The IRS' most recent amendment to its proof of claim was filed on February 16, 2011. In it, the IRS sought $671,318.55 in unsecured priority claims and $1,349,378.46 in unsecured general claims. The amendment was prepared and filed by Dinita C. White, a longtime employee and Bankruptcy Specialist for the IRS. Ms. White testified by affidavit that the $1,349,378.46 claim consisted of penalties accrued from the petition date, including $867,558.45 in penalties for failure to file returns timely, $46,730.99 for failure to pay estimated taxes, and $435,089.02 for failure to pay taxes. Mark E. Hieronymus, a certified public accountant who testified by affidavit for the Debtor, determined that the penalty for failure to file timely tax returns asserted by the IRS is in excess of what properly could be charged against the Debtor. He concluded that the IRS' assessment of late filing penalties exceeded his calculation by $16,778.14. He explained that his conclusions were based on calculations that took into account the Debtor's tax returns attached to the government's motion for summary judgment, but those calculations were not attached to or included in his affidavit.

On September 27, 2010, the Debtor filed an objection to the IRS' proof of claim. At the time, the objection concerned the IRS' third amended claim. In its entirety, the objection stated:

"Debtor objects to the penalties assessed against him on the grounds that Debtor had reasonable cause for not paying the taxes on time." The IRS served discovery requests on the Debtor immediately following the objection on September 28, 2010 and filed a response to the Debtor's objection on October 26, 2010. In the government's first set of interrogatories and requests for production, it specifically asked the Debtor to "state all facts" and "produce all documents" which could lend "support [to] Debtor's claim that he had reasonable cause to file Federal tax returns late and to fail to pay Federal taxes when payment was due." A second set of discovery was served on the Debtor on January 19, 2011. Like the first set, the second set of discovery questioned the Debtor about any basis for contesting the IRS contention that the Debtor failed to timely file tax returns and failed to timely pay tax liabilities.

The Debtor's Chapter 11 plan of reorganization was confirmed on December 10, 2010 and was substantially consummated on December 27, 2010. The Debtor paid the IRS' agreed priority tax claim in full. The Debtor also escrowed the funds necessary to satisfy the unsecured portion of the IRS claim as it remained subject to the Debtor's pending objection. The IRS filed a motion for leave to amend its priority claim and to compel certain discovery responses on October 31, 2011. This court denied the IRS request to amend its claim and granted the motion to compel on a limited basis on December 20, 2011. In that order, this court determined that the IRS' priority claims were fixed pursuant to a pre-confirmation Consent Order between the Debtor and IRS, but that the general unsecured claims were not fixed because the Debtor's objection left open the question of "whether the maximum penalty and interest for late filing can be assessed or some lesser amount." The motion to compel was granted on a limited basis to specifically allow the IRS to seek relevant information about "ability to pay."

The confirmation order set a deadline for filing post-confirmation objections to claims.

3

The IRS' final amendment to its proof of claim was filed on February 16, 2011, giving the Debtor until March 18, 2011 to file a new objection, or to amend its prior objection, to the IRS' claim. The Debtor did neither.

On May 29, 2013, the United States filed a motion for partial judgment on the pleadings or, alternatively, a motion for partial summary judgment. The Debtor responded in opposition and the United States replied. The Debtor requested leave to amend its objection within its response. Following the government's reply, the Debtor filed a motion for leave to file a sur-reply, which included the sur-reply as an attachment. On July 23, 2013, the Court the court held a hearing and took the matter under advisement. At the hearing, the court granted the Debtor's motion for leave to file the sur-reply.

LAW

The United States' motion requested partial judgment on the pleadings or, in the alternative, partial summary judgment. A motion for judgment on the pleadings will be converted to a motion for summary judgment if the parties present material outside the pleadings and the court considers and does not exclude such material. Fed. R. Civ. P. 12(d); *Chase Manhattan Bank v. BCE Mobile Commc'ns Inc.*, 722 F. Supp. 2d 505, 507 (D. Del. 2010) (finding that where both parties submitted matters outside the pleadings and both parties had notice that the court might treat the underlying motions as summary judgment motions, it was appropriate to do so). Here, the United States and the Debtor submitted materials for the courts consideration that were not included in the pleadings, including affidavits. The court considered those materials in deciding this matter and the parties were on notice that the court might do so. Therefore, the court will treat the United States' motion as a motion for partial summary judgment.

A motion for summary judgment is controlled by Rule 56 of the Federal Rules of Civil Procedure, which is applicable to bankruptcy proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. A court shall grant summary judgment to a moving party when the movant shows that "there is no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056(c). In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986), the Supreme Court found that a judge's function is not to determine the truth of the matter asserted or weight of the evidence presented, but to determine whether or not the factual disputes raise genuine issues for trial. In making this determination, the facts are to be looked upon in the light most favorable to the nonmoving party. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Allen v. Bd. Of Public Educ. for Bibb County*, 495 F.3d 1306 (11th Cir. 2007). The moving party bears the burden of proving that there is no issue as to any material fact and that judgment should be entered as a matter of law. Fed. R. Bankr. P. 7056.

The United States argues that it is entitled to partial summary judgment as to the penalties owed by the Debtor, as asserted in its proofs of claim and the affidavit of Dinita C. White, for failure to timely file tax returns. In support, the United States asserts that the Debtor's objection to its proof of claim only reaches the portion of its penalty claim which is based upon a failure to pay taxes in a timely manner. Moreover, the government notes that the deadline for objecting, or amending objections, to proofs of claim per the terms of the confirmation order, expired in March of 2011—over two years ago. In response, the Debtor argues that it was not on notice of the specific kinds of penalties asserted by the government when it filed its objection. He asserts that his objection only addressed penalties for the failure to timely pay his taxes because he was not aware that the IRS was asserting penalties for failure to file tax returns. As

support, the Debtor points to the IRS' very general statement in its proof of claim and amendments seeking penalties as general unsecured claims without specifying or itemizing different categories of penalties. Thus, according to the Debtor, his objection was based on an uninformed assumption that the penalties were only for failure to timely pay taxes.

Despite the generality of the statement in the IRS proof of claim and amendments, the facts of this case as developed to date demonstrate that the Debtor had notice that the IRS sought penalties against him for failing to timely file his tax returns. Most significantly, the Debtor received discovery requests from the IRS which specifically asked about penalties for failure to pay and penalties for failure to file tax returns. It would appear that the Debtor received those discovery requests within sufficient time to object to the failure to file penalties or to amend its previous objection. However, the issue of amendment of the claim of the Debtor is not the issue that is before the court at this time. The only issue raised in the partial summary judgment is whether the tax penalty claim amount for the failure to timely file penalties can be established.

Therefore, the posture of the United States' motion must be considered. In a motion for summary judgment, the moving party shoulders the burden to demonstrate that there are no genuine issues of material fact present and that he or she is entitled to judgment as a matter of law based on the undisputed facts. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). In this case the government has failed to meet that burden. The United States asserts a sum certain for penalties assessed against the Debtor for failure to timely file tax returns. While the government's argument that the Debtor did not timely object to the failure to file penalties has merit, it has not met its burden to demonstrate that all of the material facts are not in dispute. The amount of penalty owed by the Debtor for failing to file tax returns on a timely basis is material. In the objection to claim context, very few issues concern debtors and creditors more

than the amount of the claim. Moreover, the affidavit of Mr. Hieronymus, a certified public accountant who disagrees with the IRS' calculation of the proper penalty amount, makes the dispute genuine. Even though the attachment the affidavit mentioned was not filed, the court concludes that the affidavit alone is sufficient to raise an issue of material fact as to the calculation of the penalty. The United States must do more to establish that the amount of the penalty is correct before summary judgment can be granted in its favor.

THEREFORE IT IS ORDERED

1. The United States' motion for partial judgment on the pleadings, or in the alternative, motion for summary judgment is DENIED.

Dated: July 29, 2013

*/s/ Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE