IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:                                              Case No.: 09-11139

CHARLES K. BRELAND, JR.,

    *Debtor.*

**ORDER DENYING THE UNITED STATES OF AMERICA'S MOTION FOR
SUMMARY JUDGMENT**

    Robin B. Cheatham, New Orleans, LA, Attorney for the Debtor
    Robert M. Galloway, Mobile, AL, Attorney for the Debtor
    Lynne M. Murphy, U.S. Department of Justice, Tax Division, Washington, D.C.,
    Attorney for the Internal Revenue Service

This matter is before the Court on the United States of America's Motion for Summary Judgment. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and the Court has the authority to enter a final order. For the reasons set forth below the Court is DENYING the movant's motion.

FACTS

    A. The Debtor's business operations during the relevant tax years, 2005-2008

The debtor Charles K. Breland, Jr. ("Breland") was a developer. He purchased, developed, and sold or held numerous pieces of property and projects in the U.S. and outside of the U.S. He also entered into other business ventures, some successful and some not. He received and spent large sums of money due to his real estate and other business interests. The IRS asserts that, between 2005 and 2008, Breland had ample funds to pay his taxes, fully and on time. Breland asserts that due to the fraudulent acts of his general contractor C.F. Jordan, Inc., ("Jordan"), the substantial damage caused by Hurricanes Ivan, Dennis, and Katrina, the

1

downturn in the housing market in 2008, and other causes, he was unable to timely file and timely pay his taxes in full.

### B. The Debtor's Bankruptcy

On March 11, 2009, Breland filed a voluntary petition for bankruptcy relief under Chapter 11 of the United States Bankruptcy Code. On April 16, 2009, the Internal Revenue Service ("IRS") filed its first proof of claim in the debtor's case for unpaid income taxes, interest, and penalties stemming from the 2004 through 2008 tax years. The IRS' proof of claim was amended four times. The most recent amendment was filed on February 16, 2011. In it, the IRS sought $671,318.55 in unsecured priority claims and $1,349,378.46 in unsecured general claims. The debtor's Chapter 11 plan of reorganization was confirmed on December 10, 2010 and was substantially consummated on December 27, 2010. The debtor paid the IRS' agreed priority tax claim in full. At issue here are three categories of penalties the IRS claims that the debtor owes: 1) penalty for failure to file return timely; 2) penalty for failure to pay estimated tax; and 3) penalty for failure to pay tax.

The IRS assessed the debtor $867,558.45 in penalties for failure to file returns timely for the tax years 2005 and 2006. The penalty assessed totals $44,000.28 for 2005 and $823,558.17 for 2006. The debtor filed returns for the years 2005 and 2006 in August of 2008. The 2005 tax return that the debtor filed in August of 2008 referenced a $43,965 late filing penalty. Specifically, at the bottom of the second page of his Form 1040, Breland states "**Penalty not included . . . $16,609" and "**Late Filing Penalty Not Included . . . $43,965." Breland's 2006 return did not include a similar statement regarding late filing penalties or any other penalties.

In addition to the late filing penalties, the IRS assessed penalties for the debtor's failure to pay estimated taxes. The IRS claims this penalty in the amount of $1,246.46 for 2005,

2

$7,558.53 for 2006, $37,235.00 for 2007, and $691.00 for 2008. The IRS also claims penalties for the debtor's failure to pay tax in 2005, 2006, and 2007. The IRS claims that the debtor owes $25,822.10, $364,270.38, and $44,996.54 for each year respectively.

The IRS filed its first proof of claim on April 16, 2009 and subsequently amended the claim four times. In each of the five proofs of claim, the IRS describes the penalties claimed as "Penalty to date of petition on unsecured priority claims (including interest thereon) . . ." and states a dollar figure. The claim does not break down the amounts assessed according to year or type of penalty claimed.

On September 27, 2010, the debtor filed an objection to the IRS' proof of claim. At the time, the objection concerned the IRS' third amended claim. In its entirety, the objection stated: "Debtor objects to the penalties assessed against him on the grounds that Debtor had reasonable cause for not paying the taxes on time." The IRS served discovery requests on the debtor immediately following the objection on September 28, 2010 and filed a response to the debtor's objection on October 26, 2010. In the government's first set of interrogatories and requests for production, it specifically asked the debtor to "state all facts" and "produce all documents" which could lend "support [to] Debtor's claim that he had reasonable cause to file federal tax returns late and to fail to pay Federal taxes when payment was due." A second set of discovery was served on the debtor on January 19, 2011. Like the first set, the second set of discovery was served on the debtor about any basis for contesting the IRS' contention that the debtor failed to timely file tax returns and failed to timely pay tax liabilities.

The IRS' final amendment to its proof of claim was filed on February 16, 2011, giving the debtor until March 18, 2011 to file a new objection, or to amend its prior objection to the IRS' claim. The debtor did not file a new objection or amend his objection.

LAW

A motion for summary judgment is controlled by Rule 56 of the Federal Rules of Civil Procedure, which is applicable to bankruptcy proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. A court shall grant summary judgment to a moving party when the movant shows that "there is no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056(c). In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the Supreme Court found that a judge's function is not to determine the truth of the matter asserted or weight of the evidence presented, but to determine whether or not the factual disputes raise genuine issues for trial. *Anderson*, 477 U.S. at 249-50. In making this determination, the facts are to be looked upon in the light most favorable to the nonmoving party. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Allen v. Bd. Of Public Educ. for Bibb County*, 495 F.3d 1306 (11th Cir. 2007). The moving party bears the burden of proving that there is no issue as to any material fact and that judgment should be entered as a matter of law. Fed. R. Bankr. Pro. 7056.

**I. Penalty for Failure to File Return Timely**

The IRS argues that it is entitled to summary judgment as to the penalties owed by the debtor, as asserted in its proofs of claim and the affidavit of Dinita C. White, for failure to timely file tax returns. In support, the IRS asserts that the debtor's objection to its proof of claim only addresses the portion of its penalty claim which is based upon a failure to pay taxes in a timely manner. Moreover, the government notes that the deadline for objecting, or amending objections, to proofs of claim per the terms of the confirmation order, expired in March of 2011—over two years ago.

4

The debtor does not dispute the amount of the penalty filed by the IRS. Rather, the debtor argues that no penalty is owed on account of late filings at all. Further, the debtor argues that it was not on notice of the specific kinds of penalties asserted by the government when it filed its objection. He asserts that his objection only addressed penalties for the failure to timely pay his taxes because he was not aware that the IRS was asserting penalties for failure to file tax returns. As support, the debtor points to the IRS' very general statement in its proof of claim and amendments seeking penalties as general unsecured claims without specifying or itemizing different categories of penalties. Thus, according to the debtor, his objection was based on an uninformed assumption that the penalties were only for failure to timely pay taxes.

Under the Bankruptcy Code, a properly filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). "Neither the Bankruptcy Code nor the Bankruptcy Rules direct a particular form for an objection to a claim under 11 U.S.C.A. § 502." Joseph J. Bassano et al., 9C Am. Jur. 2d Bankruptcy § 2643 (2014). Generally, objections to proofs of claim "need not be pleaded with great precision." *In re Mall at One Associates, L.P.,* 185 B.R. 1009, 1015 (Bankr. E.D. Penn. 1995) (commenting that the court "would be most reluctant to sustain a substantive objection to a proof of claim raised for the first time in briefing, since the claimant, which bears the ultimate burden of proof on the issue of validity of its claim would not be placed on notice of what issues it must prove to sustain its claim" (internal quotations omitted)). However, "a claim objection must, at minimum, actually contest the debtor's liability or the amount of the debt for the Court to be able to disallow a proof of claim . . . ." *In re Lasky,* 364 B.R. 385, 389 (Bankr. C.D. Cal. 2007).

Despite the generality of the statement in the IRS' proof of claim and amendments, the Court has previously found that the debtor had notice that the IRS sought penalties against him

Case 09-11139    Doc 787    Filed 06/16/14    Entered 06/16/14 11:28:41    Desc Main
Document      Page 5 of 10

for failing to timely file his tax returns. The Court based this finding on the fact that the debtor received discovery requests from the IRS which specifically asked about penalties for failure to pay and penalties for failure to file tax returns. The debtor received those discovery requests with sufficient time to object specifically to the failure to file penalties or amend its previous objection. He did not specifically object to the failure to file penalties. However, it has not been shown by a preponderance of the evidence that the wording of the discovery requests would be sufficient reason for Breland to amend his more general objection. First, the IRS' claim itself was very general and not broken down into specific categories. Therefore, requiring more of the debtor would be inequitable, particularly in light of the law which allows for very general objections. Second, it is clear from the IRS' interrogatories that the IRS thought that Breland was objecting to the failure to file penalties.

Finally, the IRS claims that the debtor admitted owing the late filing penalty in a statement on his 2005 tax return. There is a footnote on the return that states "**Late Filing Penalty Not Included . . . $43,965." It is not clear to the Court that this is an affirmative statement that Breland believed the penalty was owed or warranted. The placement of the statement in a footnote and with a double asterisk raises questions that the Court has insufficient evidence to answer at this time. It is plausible that the amount was included in a footnote because Breland meant to object to the penalty and did not want to show it as owed. It is also possible that the statement should be interpreted as an admission that the penalty was owed. The parties will have an opportunity at trial to more fully present evidence and argument on this point.

Therefore, the IRS' Motion for Summary Judgment is DENIED with respect to its claim for tax penalties arising from the debtor's failure to timely file his 2005 and 2006 returns.

6

Case 09-11139    Doc 787    Filed 06/16/14    Entered 06/16/14 11:28:41    Desc Main
                                  Document         Page 6 of 10

**II. Penalty for Failure to Pay Estimated Taxes**

The Internal Revenue Code (IRC) prescribes certain penalties for an individual's failure to pay estimated income tax. 26 U.S.C. § 6654(a) (2014). The IRS contends that the debtor owes this penalty for failing to pay estimated taxes for the years 2005, 2006, 2007, and 2008 in the amount of $1,246.46, $7,558.53, $37,235.00, and $691.00 respectively. The parties stipulate that the debtor did not pay estimated taxes for these years. Further, the debtor does not contest the IRS' calculation of the amount owed. Rather, the debtor argues that the penalties should not be assessed at all because he had reasonable cause not to pay the estimated taxes.

Unless the taxpayer meets the requirements for one of the exceptions set forth in § 6654(e), "[t]he section 6654 addition to tax is mandatory (i.e., it says that the addition 'shall be added', and it provides no 'reasonable cause' exception)." *Lukovsky v. C.I.R.,* T.C. Memo. 2010-117 (U.S. Tx. Ct. 2010). *See also In re Sanford,* 979 F.2d 1511 (11th Cir. 1992). The debtor contends that his failure to pay estimated taxes falls within section 6654(e)(3) which states that "[i]n general, [n]o addition to tax shall be imposed under subsection (a) with respect to any underpayment to the extent the secretary determines that by reason of casualty, disaster, or other unusual circumstances the imposition of such addition to tax would be against equity and good conscience." The IRS argues that the debtor did not exhaust his administrative remedies (by petitioning the Secretary for a waiver) and therefore, cannot seek relief under this exception. The Court disagrees. "Subject to its discretion to abstain, this bankruptcy court, by reason of 11 U.S.C. § 505, has been accorded the power to decide tax disputes, irrespective of whether the Debtor exhausted any available administrative remedies. *See In re AWB Associates,* 144 B.R. 270, 275–78 (Bankr.E.D.Pa.1992)." *In re Mall at One Associates, L.P.*, 185 B.R. 1009, 1016 (Bankr. E.D. Pa. 1995).

"Under Bankruptcy Code § 502(b)(1), the bankruptcy court ha[s] the power to allow or disallow the § 6654(a) penalty for each tax year, depending on whether [the] Debtor made the factual showing required for a waiver of penalty under § 6654(e)(3)(A)." *In re Sanford,* 979 F.2d 1511, 1514 (11th Cir. 1992). If the Court finds that, due to the debtor's circumstances during the relevant time period, imposition of a § 6654(a) penalty is "against equity and good conscience," the Court can disallow the penalty.

The IRS also contends that the debtor has waived a § 6654(e)(3)(A) by failing to plead sufficient facts in its objection to substantiate the defense. In his objection, the debtor stated that the penalty for failure to pay estimated taxes should not be imposed because he "had reasonable cause for not paying the taxes on time." While it is true that there is no general "reasonable cause" exception to a § 6654(a) penalty, the Court finds that pleading "reasonable cause" is sufficient to invoke the protections of § 6654(e)(3)(A). After all, "casualty, disaster, or other unusual circumstances" the occurrence of which might make imposition of the penalty "against equity and good conscience," could generically be described as "reasonable cause" for not paying estimated taxes. This conclusion fits with the general rule that an objection to claim does not have to be made in a certain form. Rather, it need only dispute the debtor's liability. Here, through his objection, the debtor clearly disputed his liability for failure to pay estimated taxes.

In order to determine whether the debtor's failure to pay estimated taxes is excused under § 6654(e)(3)(A), the Court must make findings about the debtor's ability to pay. There is a genuine dispute of material fact regarding the debtor's ability to pay the estimated taxes as they came due. This dispute is more fully developed in the following section, section III. The IRS has presented evidence tending to show that the debtor had the ability to pay his estimated taxes yet

8

chose not to pay. The debtor has presented evidence that he did not have the ability to pay these taxes.

Because there is a genuine dispute of material fact with respect to the IRS' claim, the IRS' Motion for Summary Judgment is DENIED with respect to this claim.

### III. Penalty for Failure to Pay Taxes

The IRS seeks penalties against the debtor under § 6651(a)(2) for failure to timely pay taxes. Section 6651(a)(2) penalizes taxpayers for "failure to pay the amount shown as tax on any return specified in paragraph (1) on or before the date prescribed for payment of such tax . . . unless it is shown that such failure is due to reasonable cause and not due to willful neglect . . . ." The IRS contends that the debtor had sufficient funds to pay his taxes but chose to pay other creditors and invest in new ventures instead of paying his taxes. The debtor concedes that he did not timely pay his taxes, but he contends that he had "reasonable cause" not to pay them. Specifically, he argues that due to natural disasters, the fraud of a general contractor, and the crash of the housing market in 2008 he was forced to use all available cash to continue his business operations. He further argues that paying his taxes on time would have forced him to close his business operations.

The IRS has presented evidence tending to support its position including the debtor's bank records, financial statements, promissory notes, closing documents, and tax returns. Likewise, the debtor has presented evidence tending to support his position including his sworn affidavit. At the summary judgment stage the Court will not weigh the evidence or make credibility determinations. The evidence presented raises a genuine issue of material fact regarding the debtor's ability to pay his taxes on time. Specifically, the parties have presented conflicting evidence regarding whether the debtor's failure to timely pay his taxes was due to
9

"reasonable cause." Because the parties have raised a genuine dispute, this issue is not ripe for summary judgment. Therefore, the IRS' Motion for Summary Judgment is DENIED with respect to this motion.

For the foregoing reasons, the IRS' Motion for Summary Judgment is DENIED. The motion is

1) DENIED with respect to the claim for penalty for failure to file tax returns;

2) DENIED with respect to the claim for penalty for failure to pay estimated taxes; and

3) DENIED with respect to the claim for penalty for failure to timely pay taxes.

Dated:   June 16, 2014

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

Case 09-11139    Doc 787    Filed 06/16/14    Entered 06/16/14 11:28:41    Desc Main
Document      Page 10 of 10