# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

In Re:

CHARLES K. BRELAND, JR.　　　　　　　　　　　　　Case No. 09-11139-MAM-11

　　　*Debtor*.

## ORDER GRANTING DEBTOR'S MOTION FOR LEAVE TO DEPOSIT FUNDS IN PART
## AND DENYING THE MOTION IN PART

Robin B. Cheatham, New Orleans, LA, Attorney for Debtor
Robert M. Galloway, Mobile, AL, Attorney for Debtor
Lynne M. Murphy, Trial Attorney, Tax Division, Department of Justice, Washington, D.C., Attorney for the United States

　　　This matter is before the Court on the Debtor's motion for leave to make a deposit with court pursuant to Rule 67 of the Federal Rules of Civil Procedure and Rule 7067 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is granting the motion in part and denying it in part.

## FACTS

　　　The parties do not disagree about the basic facts at issue in this motion. The Court incorporates the facts stated in its orders of December 20, 2011 and June 16, 2014. In a nutshell, Mr. Breland filed a chapter 11 case. The Internal Revenue Service filed a claim including priority and unsecured taxes for preconfirmation tax periods and amended it several times before plan confirmation. At the time of confirmation, the IRS claim was $2,020,697.01. That sum

included a priority tax claim of $671,318.55 and a general unsecured claim of $1,349,378.46. The $1,349,378.46 amount was the total of the penalties and interest on the priority tax claim, at least as they were calculated and alleged as of the date of the filing of the bankruptcy case.

Mr. Breland objected to the claim. The IRS objected to the plan of reorganization filed by Breland. The IRS and the Debtor, as a part of the plan confirmation negotiations, reached an agreement, approved by the Court in a separate order, and incorporated into the confirmation order at ¶ U that determined that the total claim of the IRS was no more than $2,020,697.01. The parties agreed that the priority tax claim was $671,318.55 and the penalties and interest were no more than $1,349,378.46. The Debtor preserved his right to contest the actual amount of the penalties "on the grounds that Debtor had reasonable cause for not paying the taxes on time."

After confirmation the IRS continued to assert that Breland or his bankruptcy estate owed taxes for the years 2004-2009, beyond the amounts at issue in the claim objection pending here. In fact, the IRS asserts that Breland owes as much as $36 million in additional taxes. The Debtor filed petitions in Tax Court contesting the validity of those tax claims.

The Debtor escrowed $1,319,000.00 in one of his attorneys' trust accounts in 2010 pending a determination of the amount owed on the claim. This was done at about the time that all of the other creditor claims that were not disputed were paid pursuant to the plan of reorganization. Breland paid the priority tax portion of the claim. The motion at issue requests the deposit of the $1,319,000.00 previously escrowed for the general unsecured claim in the Registry of the Court and seeks a determination that interest accrual (other than as earned by the registry account) is terminated at the time of the deposit. The United States opposes this motion.

The motion seeks 6 forms of relief including: (1) leave to make the deposit; (2) a determination that the right to interest accrual on the claim is terminated; (3) a dismissal of all claims against Breland and his spouse for 2004-2008 taxes; (4) a declaration directing the IRS to "resolve and restore" the transcript and record to reflect the resolution of this claim dispute; (5) a hold on the deposit until the claim dispute is finally resolved; and (6) for such other relief as may be just and proper. The U.S. does not oppose the deposit of the funds into the registry. The U.S. opposes all other relief.

Mr. Breland filed petitions in Tax Court that contest the validity of the $36.2 million in taxes that the IRS asserts that he owes for tax years before the filing of the chapter 11. The United States takes the position that the Consent Order compromising the IRS claim at the time of confirmation is not res judicata as to the taxes owed for the years 2004-2009 and the bankruptcy estate's taxes. The Debtor disagrees. The United States also asserts that this Court abstained from hearing the issues related to 2004 and later taxes by its denial of a postconfirmation amendment to the IRS claim.

## LAW

The Court will discuss the relief requested by the Debtor in the following order: (1) the request to deposit funds in the registry of the court; (2) the request to cut off interest accrual on the general unsecured claim of the IRS at issue in the claim objection before this Court; and (3) other relief requested.

### A.
Request to Deposit Funds in the Registry

Since neither party opposes the request to deposit $1,319,000.00 in the Registry of the Court and the Federal Rules of Civil and Bankruptcy Procedure provide such a right as well, the

Court will allow the deposit. The Debtor, if he deposits $1,319,000.00, has not deposited as much as the maximum amount possibly owed on the claim per the order signed embodying the agreement on the amount, but, in light of the remainder of this ruling, it does not matter.

**B.**

Interest Accrual Post-Deposit

Rule 67 does not speak to whether a deposit into the Registry of the Court terminates interest accrual on an IRS debt. Rule 67(b) dictates that "[t]he money must be deposited in an interest-bearing account or invested in a court-approved interest-bearing instrument." In past years, the interest earned may have been enough to cover interest accruing on the debt. At present, interest rates on bank accounts and/or bonds or Treasury instruments will not cover statutory interest as rates are very low. So the question is, can the deposit alone cause a termination? Mr. Breland cites *Cordero v. De Jesus-Mendez*, 922 F.2d 11 (1st Cir. 1990) as authority for this proposition. However, that case does not hold that the need to pay interest is terminated upon a transfer of funds to the court registry. It holds that when a clerk of court does not put the deposited funds in an interest bearing account, violating Rule 67, the defendants in the case are not liable for postjudgment interest. The case did not hold the inverse. The deposit of funds in the Registry, if held at interest, does not terminate the need to pay postjudgment interest.

The Court cannot find any theory that would allow such treatment of a deposit. The Court cannot terminate the interest until the amount is determined so that portion of the motion is denied.

**C.**

## Other Declaratory Relief

Mr. Breland also seeks other relief that would direct that the IRS claims beyond the general unsecured claim at issue in this bankruptcy case be dismissed or held to be already determined due to the history of this case and prior rulings. This Court has stated in its orders that all issues pertaining to the IRS claims against Mr. Breland as to taxes owed preconfirmation were resolved by the Consent Order, the confirmation order, and substantial consummation of the plan of Mr. Breland. This Court would not have found that Mr. Breland had a feasible plan of reorganization if $36 million in alleged tax liabilities would still be unresolved and unpaid after implementation of the plan.[1] The cases state that feasibility requires that a plan "is not a visionary scheme[][ that promise[s] a greater distribution than the debtor . . . could ever obtain . . . [and] involves the emergence of the reorganized debtor in a solvent condition with reasonable prospects of financial stability and success." *In re JRV Industries, Inc.*, 344 B.R. 679, 682 (Bankr. M.D. Fla. 2006) (cites omitted). As stated in other orders, including the order of December 20, 2011, Mr. Breland would not have paid all of the substantial sums to other creditors that he did pursuant to his plan if he knew that he could face huge unknown tax obligations after the payments. No debtor or court would allow a debtor to leave unknown tax liabilities owing that could result in an immediate return to bankruptcy. It defies logic.

The United States cites Judge DuBose's order of December 27, 2012 for its authority to assess taxes for prebankruptcy years postconfirmation. The order states:

> [T]he I.R.S. cites authority that indicates that the I.R.S. does not lose its claim for taxes even if the claim is not filed or allowed in bankruptcy. However, whether the I.R.S. may later have a claim or whether the Consent Order is res judicata as to a later administrative tax claim are not the issues before the court. The issue is

---

[1] "Section 1129(a)(11) codifies the feasibility requirement and requires a determination by the plan proponent that 'confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.'" *In re Coastal Broadcasting Systems, Inc.*, 570 Fed. Appx. 188 (3rd Cir. 2014).

whether the Bankruptcy Court abused its discretion by not allowing an amendment to the priority claim after a consent order was entered that disposed of the issue.

The District Court order does not rule on the issue of the effect of the confirmation at all. It states that the issue is specifically not determined by that court. This Court held in its order of December 20, 2011 that the plan confirmation order was a final order that had res judicata effect. The ruling and reasoning are incorporated by reference. *See also*, Kenneth M. Misken, *Res Judicata*: The Preclusive Effect of the Confirmation Order, 34 AM. BANKR. INST. J. 40 (February 2015).

Mr. Breland has filed Tax Court petitions contesting the taxes the IRS asserts are still at issue. He has asserted arguments that include his res judicata argument. That court now has jurisdiction to determine those issues. This Court has already ruled on the issues as they relate to this bankruptcy case and this Court concluded that all issues surrounding all preconfirmation taxes would be resolved once this claim objection was resolved.

The United States asserts that this Court "chose to abstain from determining the amount of additional taxes under 11 U.S.C. § 505(a)(1)." United States Opposition to the Debtor's Motion for Leave to Deposit Funds (Docket No. 837), pg. 3. However, this Court never abstained from hearing issues about the preconfirmation taxes. No motion requesting abstention or an order of abstention was ever entered in this case. This Court's position is that abstention is not necessary or appropriate. All of the issues have been resolved by the Consent Order or will be resolved once an order is entered on the claim objection now pending.

The Court will not rule on the other relief requested by Mr. Breland. First, the Court believes it already has ruled on the issues by holding that the Consent Order of December 17, 2010, the plan, the order confirming the plan, and the substantial consummation of that plan have determined the issues and left only the claim objection now pending to be resolved. Second, the relief is inappropriate because it invades the province of the Tax Court which has pending issues that are affected by the requested relief.

THERFORE, IT IS ORDERED that the Motion of the Debtor for Leave to Deposit Funds is GRANTED to the extent of allowing a deposit to the Registry of any funds that the Debtor may wish to deposit but all other relief is DENIED.

IT IS FURTHER ORDERED that any deposit must comply with Fed.R.Civ.P. 67 and Fed.R.Bank.P. 7067 and the clerk must deposit the funds in an interest bearing account or instruments according to the Rules. The Debtor and the United States must agree on the place in which the funds will be deposited and submit an agreed order as to the placement of the funds, or, the matter will be returned to the docket for hearing.

Dated: February 9, 2015

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE